**Robert Lee DeLOACH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16844.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 15, 1962.

Decided June 7, 1962.

Mr. John Alexander, Washington, D. C. (appointed by this court) for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge.

Appellant and three co-defendants, Collins, Queen and Simms, were indicted for robbery. Queen and Simms, both juveniles, entered pleas of guilty. Collins and DeLoach were tried together. Collins was acquitted.

Early in the morning hours of January 22, 1961, the four co-defendants drove in appellant's car to a small restaurant. Appellant, Simms and Queen entered, Collins remained in the car. The restaurant had no other customers. Appellant ordered sandwiches to take out and then went to look in the kitchen behind the dining room. As he left the restaurant two witnesses observed him "looking up and down the street." Immediately after appellant left the restaurant one of the two co-defendants who waited for the food order drew a pistol and robbed the cash register of $24.

A witness in a parked car across the street saw the two co-defendants run out of the restaurant and join Collins and appellant in the car, the engine of which had been left running. Appellant later explained the running of the engine as due to a weak battery. The witness noted the license number and police promptly apprehended the car and occupants. A pistol was found under the driver's seat where appellant sat, and the appellant stated that he had put it there after taking it from Simms.

Appellant in testifying said he did not know that Simms and Queen were going to commit a robbery and that he did not knowingly aid them. Appellant admitted receiving $2 of the $24 stolen but said he accepted it before he "knew of the robbery." Collins received no part of the stolen money.

■■ On this appeal we find that the evidence, apart from that to which objections were made, was sufficient to take the case to the jury. But we also

hold that it was error to admit certain statements allegedly made by co-defendants in appellant's presence. Appellant also contends it was error to permit certain leading questions. We agree that the leading questions were improper but our disposition of the case makes it unnecessary to determine whether the leading questions would constitute reversible error. Cf. Jackson v. United States, 111 U.S.App.D.C. 353, 297 F.2d 195, 198 (1961). Appellant preserved the points by timely objection.

The testimony of each of the witnesses who purported to detail conversations at the police station has a common fault as evidence against appellant. These witnesses, police officers, the restaurant owner and the witness from the parked car came to the police station for a confrontation immediately after the arrest. These witnesses described the statements of the four alleged robbery participants in terms as follows:

"A. All of them *agreed they* did sit there [in the car] and talk about a hustle [robbery].

\* \* \* \* \* \* \*

"A. \* \* \* the way he talked in there he [appellant] *knew* what was going on when they went in that restaurant."

\* \* \* \* \* \*

"A. *They* had discussed pulling a hustle."

\* \* \* \* \* \*

"Q. \* \* \* was any statement made by the defendant DeLoach?

"A. Yes, DeLoach made an *admission* \* \* \* Q. What did he say?

"A. \* \* \* he *agreed* \* \* \* that he was sitting in a car \* \* \* while a hustle was planned." (All italics supplied.)

Not one of these witnesses informed the court and jury in terms of the substance of the alleged statements but rather testified in terms of their own conclusions such as "he agreed," "they agreed," "he knew," etc. When one witness was asked whether a statement had been made in the presence of Collins and DeLoach that "they had planned a hustle," defense counsel objected and asked "who supposedly made this statement?" The trial judge ruled that it made no difference who made it as long as it was made in the presence of the defendants. It was error to deny the effort to identify the "anonymous" speaker with whose words the government has sought to bind appellant. Appellant's timely objection preserved the point.

It may well be, as the government contends, that other evidence on which no attack is made afforded a basis on which a jury could reasonably find a verdict of guilty. But we are not free to speculate that the inadmissible testimony in the form of allusions to "they" and in terms of "he agreed," was not relied on by the jury in reaching a verdict.

> "And the question is, not were they right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other men, not on one's own, in the total setting. Cf. United States v. Socony-Vacuum Oil Co., supra, [310 U.S.] at 239, 242, [60 S.Ct. 811, 84 L.Ed. 1129]; Bollenbach v. United States, supra, [326 U.S.] 614 [66 S.Ct. 402, 90 L.Ed. 350]." Kotteakos v. United States, 328 U.S. 750, 764, [66 S.Ct. 1239, 1247, 90 L.Ed. 1557] (1946).

Appellant had a record of gainful employment, and he was a family man of good reputation according to character witnesses who testified. The admissible evidence against the appellant which was adequate to go to the jury may not be aided by testimony improperly admitted.

When a witness fails to identify a speaker whose utterances he purports to repeat, and when it is sought to bind the accused by such utterances, counsel offering that witness should, as a mat-

ter of sound practice apart from other important considerations immediately require the witness to identify the speaker. Similarly when a witness testifies in terms of conclusions such as "he agreed" or "they all agreed" or "he made admissions," such answers should be stricken and the witness should be required to state what was actually said. The conclusion or interpretation of a witness as to the meaning of what someone said is not admissible.

Reversed and remanded for a new trial.